*2/13/08*
*Trial adjourned to April 14 at 9:30AM. Jury charges + motions in limine due 2 weeks in advance. No further adjournments. Speedy to 18 USC 3161/h 8 a excluded from 2/13 until 4/14. The ends of justice outweigh the interests of the def + time is at the request of the def + the public + Mr. Ayala.*
*So ordered*
*SHS*

# JAMES T. MORIARTY ESQ.
489 Fifth Ave., 19th Fl.
New York, N.Y. 10017
Tel. [646] 487-1940
Fax [646] 487-0036

BY FAX [212] 805-7924



RECEIVED
FEB 1 2 2008
CHAMBERS OF
JUDGE SIDNEY H. STEIN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/08

Feb. 12, 2008

Hon. Sidney H. Stein, U.S.D.J.
500 Pearle St
New York, New York,

Re: United States v. Daniel Ayala
07 Cr. 1019 (SHS)

Dear Judge Stein,

I write to request that the trial date of the above captioned case which is currently scheduled for March 3, 2008 be adjourned for approximately forty five days or any alternative date that the court may deem appropriate. I regret that I must make this application but the scheduling of a series of motions in a number of cases in which I am counsel, at least one multiple party case being pending for several years, have made it literally impossible for me to comply with all of them and to prepare the instant case properly for either trial or disposition. Most of these conflicts have occurred because of the re-scheduling by the various courts of Responses to motions filed by me in said cases. These applications for new Response dates have been made by my adversaries to obtain additional Response time. This in turn has changed my Reply time to same.

Despite this near overwhelming schedule I have nevertheless continued my preparation of the instant case as diligently as possible. I have interviewed my client on four separate occasions and have conducted an investigation in some depth. I have had some discussion with the government in an attempt at resolution but would prefer to complete the work I must perform prior to completing said discussions to see if the case can possibly be resolved. Because of the above described scheduling however, I do not feel it would be possible to do all that I must do in order to properly prepare the instant case for either trial or even disposition. In litigation, as the court is no doubt well aware, at least from an attorney's position, scheduling is often not something that counsel can control. Accordingly, there are times when scheduling "comes together" for whatever reason in such a way that it becomes impossible to comply with all set deadlines.

I am currently involved in litigating two major actions in Bronx Supreme Court. Both are civil matters involving several pieces of real property which were quite literally in process of being stolen from an individual, my client, who is currently enrolled in the

1

federal witness protection program as a result of his having testified in two major organized crime trials in the case of United States v. Basciano et al,[Index. No. S-105 CR-60] currently pending before the Honorable Nicholas G. Garaufis, U.S.D.J. in Eastern District of New York. He is currently being prepared to testify in at least two, if not more additional such trials, at least one of which is scheduled to begin in the spring of this year.

In the civil cases, one of which is pending before the Hon. Betty Stinson in IAS- Part 8 [Index No. 13698/06] and the other before the Hon. Mark Friedlander in IAS- Part 25 [Index. No. 14065/05] I filed motions in mid December 2007. Accordingly, they were scheduled to be answered in the beginning of January 2008 and would have been fully submitted by mid-January following a Reply to said Answers.

Opposition counsel however advised the respective courts [one of whom did so without notice to me although he has claimed that he had "cc"'d me by fax] that for various reasons they required additional time to respond. These applications were granted. Accordingly, one motion is presently due my Reply by Feb. 15, 2008, even though counsel's Response was untimely served upon me.

The second related case was re-scheduled for a Response to me by Feb. 25, 2008. I will have about a week afterwards to submit a Reply unless additional time is provided.

A third related case involving the same client referenced above is also pending in the Bronx Supreme Court [Index. No. 7091/07]. There the court granted my motion for summary judgment on January 31, 2008, rescinding the transfer of the property involved and restoring ownership to my client. I thought the case was essentially over save for some damage calculation issues. However, on Monday Feb. 11, 2008 I received in my office notice of the filing of a "Chapter 11" application, returnable at the United States Bankruptcy Court in the Southern District of New York One Bowling Green, N.Y.C.N.Y.[Index No. 08-10360]. It was filed by the "owner" from whom we had just been awarded summary judgment in an obvious attempt to somehow frustrate the decision by Judge Lucindo Suarez, the state court judge in the Bronx.

I note that the attorney who made the filing had also, prior to the state court decision, filed a "Chapter 13" application [which he attempted to convert to a "Chapter 11" the day prior to a hearing] in the United States Bankruptcy Court for the Southern District of New York located in White Plains, New York. That case was summarily dismissed by Hon. Adlai S. Hardin on January 4, 2008 [Index. No. 07-23044]

Despite the obvious improper conduct in the refilling of what is essentially the same application but now in a different courthouse, the return date for this application is Feb. 27, 2008. As currently scheduled I must respond to the application approximately seven days prior to the return date. Needless to say I had nothing whatever to do with the scheduling of that date.

2

This action will also require the filing of a Temporary Restraining Order ['TRO"] as against the underlying mortgage holder, Ponce De Leone Bank, as a technicality stopping a foreclosure sale [the foreclosure judgment having already been entered] until the underlying transfer deed is vacated by the County Clerk's Office in the Bronx pursuant to the court's decision and the mortgage then brought up to date by my client. That TRO was due Feb. 19, 2008 but that may be moot while the bankruptcy petition is pending.

In addition to the above matters I represent a company called Med-Realty ["Med"] in an action in New York State Supreme Court in New York County [Index. No. 03-112299]. There Med had hired a construction company and an individual who represented himself as an architect even though he was a professional engineer only. They were to build a small apartment building on East 35th St. in New York City. The construction company failed to properly safeguard its excavation and foundation work resulting in the literal destruction of the neighboring townhouse as well as alleged additional damage to the neighboring structure to the destroyed building. The "architect" failed to guard against the damage.

Unfortunately for my client, although he had nothing to do with the construction or oversight other then hiring companies he thought were capable for competently performing the work for which he hired and paid them, as owner, he is being sued by both neighboring property owners for over Three Million [$3,000,000] Dollars in damages. In yet an additional error by the construction company hired, the insurance they bought for the *owner*, Med did not cover the owner, only the builder for the occurrences in this action. My client therefore stands uninsured.

The case has been pending since 2003. Aside from the two Plaintiffs, there are five defendants in the action. Despite the fact that some counsel still want additional depositions, Judge James, the presiding justice ordered that all summary judgment motions were to be filed by Feb. 1, 2008. Accordingly, within a few days I received, by mail, four summary judgment motions requesting that my uninsured client be held responsible for what amounts to the negligence of the companies he hired.

The return dates for said motions are Feb. 22, Feb. 25, Feb. 28 and March 19. My obligated Response dates are seven days prior to the return dates of the motions. Thus I am scheduled to Respond to these motions on Feb. 15, Feb. 18., Feb. 21, and March 12, 2008. Given the amount of materials to review it will be almost impossible to complete such a schedule but I must nevertheless do all within my power to do so.

In addition I have a sentence in the matter of United States v. Corporan, [Index. No. CR-06-281] before the Hon. Dora L. Irizzary, U.S.D.J. in the Eastern District of New York on Feb. 26, 2008. A response to the pre-sentence report is due prior thereto.

I have discussed this application with AUSA David O'Neil, government counsel in the instant case, and he has advised me that he has no objection to this request.

I have also discussed this application for additional time prior to trial or disposition with Mr. Ayala and I hereby state as an officer of this court that he has authorized me on his behalf to advise this court that should the court grant this application he waives any "speedy trial" issue, without regard to the extent of time of any adjournment given, understanding that such an adjournment will operate in his best interest and not prejudice the defense of his case in any way.

I greatly appreciate any consideration this may give this application.

Very truly yours,

James T. Moriarty

cc: AUSA David O'Neil [212] 637-2387